# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DARRELL WARREN                                                                                    PLAINTIFF

4:18CV00248-KGB-JTK

DOC HOILDAY, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Darrell Warren is an inmate incarcerated at the Pulaski County Detention Facility (Jail), who filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant Rogers. Defendants Bilbrock and Hoilday were dismissed on October 29, 2018 (Doc. No. 19). The Doe Defendants (named in the Original, but not the Amended, Complaint) have never been identified or served.

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion, filed by remaining Defendant Sean Rogers (Doc. Nos. 29-31), to which Plaintiff responded (Doc. No. 37).

### II.   Facts

In his Amended Complaint, Plaintiff alleged Defendant Rogers pushed him several times, causing Plaintiff to fall and injure his shoulder. (Doc. No. 7, pp. 4-5)

### III.  Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

2

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendant's Motion is whether Plaintiff exhausted his administrative remedies as to his claims against him prior to filing this lawsuit, as required by the Jail grievance procedure, Branch Directive D05-0001 (Doc. No. 30-2, pp. 5-18), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendant presents the Affidavit of Nancy Brawley, Administrative Sergeant and Grievance Officer at the Jail, who stated that the Jail grievance policy requires inmates to provide a description or explain the nature of the problem and proposed solution on the grievance form. (Id., p. 2) To complete all levels of the grievance process, an inmate must file a grievance and then appeal the grievance officer's decision to the Chief of Detention.(Id.) Brawley stated that Plaintiff filed numerous grievances while incarcerated and filed a grievance on March 31, 2018, alleging that Defendant Rogers pushed him and injured his collarbone on

3

March 15, 2018. (Id., pp. 3, 19-20)  Brawley responded to Plaintiff that the matter was sent to authorities for investigation, and Plaintiff did not further appeal the grievance. (Id., p. 3) Plaintiff filed another similar grievance on April 6, 2018, and Brawley responded that the incident was being investigated and the grievance was marked as non-grievable. (Id., pp. 3, 21-22) Plaintiff filed a third grievance concerning the lack of treatment of his injuries on April 14, 2018, and Brawley responded that Plaintiff should submit a sick call to request non-emergency medical care. (Id., pp. 3, 23-25) Again, Plaintiff did not appeal this response. (Id.)

Plaintiff does not address the grievance/exhaustion issue in his Response, but re-states the allegations of his Complaint that Defendant Rogers used excessive force on him. (Doc. No. 37)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

4

1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91.

Finally, the United States Supreme Court held in Ross v. Blake that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860.

In this case, the Jail grievance policy clearly instructs an inmate that if he/she is not satisfied with the grievance officer's response, he/she should appeal to the Chief of Detention within ten working days. (Doc. No. 30-2, p. 11) Plaintiff does not explain why he did not appeal any of the

5

grievance responses, and he does not claim that the remedy was rendered "unavailable" to him by actions of Jail employees or a complicated administrative system. Therefore, absent a counter-argument justifying his failure to exhaust, the Court finds that Defendant's Motion should be granted.

The Court also finds that any Doe Defendants originally named in Plaintiff's Complaint should be dismissed, due to his failure to identify and/or serve them. See FED.R.CIV.P. 4(m).

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 29) be GRANTED.

2. Defendants Rogers and Does be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 29th day of August, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE